IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SYLVIA L.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-332**    (Fam. Ct. Hardy Cnty. Case No. FC-16-2020-D-75)

**GERALD P., JR.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sylvia L. ("Mother")[1] appeals the Family Court of Hardy County's July 25, 2024, order that granted Gerald P., Jr.'s ("Father") petition for modification of custody, which awarded him sole custody of the minor children. Father and the guardian ad litem ("GAL") for the children filed responses in support of the family court's order.[2] Mother did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the family court's decision and remanding for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are the biological parents of two children who were born in 2016 and 2020. On March 3, 2021, the family court allocated custodial responsibility to Father on Mondays, Tuesdays, Fridays, and Saturdays, and to Mother on Wednesdays, Thursdays, and Sundays.

On July 12, 2023, Father filed a Petition for Modification, alleging that due to a substantial change in circumstances, the March 3, 2021, order should be modified. Specifically, Father asked the family court to award him primary custodial allocation of

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is represented by Grant M. Sherman, Esq. Father is represented by Cinda L. Scales, Esq. The GAL for the children is Marla Zelene Harman, Esq.

the children, and for Mother to have supervised parenting time. In support of his petition, Father claimed, among other things, that Mother allowed convicted sex offenders around the children, was not adequately feeding the children, was not bathing the children regularly, and was not dressing the children appropriately. Additionally, the children stated that Mother asked the children to tell Child Protective Services ("CPS") and other adults that Father was sexually molesting them and that Mother punished them for not lying to CPS.

The family court held four hearings on Father's petition. The first hearing was held on January 10, 2024, and by temporary order entered January 31, 2024, the court appointed a GAL for the children, and kept the March 3, 2021, parenting plan in effect. On March 5, 2024, the court held a second hearing, and by temporary order entered on March 19, 2024, the court acknowledged its receipt of the GAL's report and scheduled the next hearing in the matter.

On April 22, 2024, the family court held a third hearing on Father's petition. The court heard testimony from the parties, the GAL, and Mr. Lyons, the children's counselor. On May 7, 2024, the court entered a temporary order, which found that Mother had exposed the children to numerous boyfriends, convinced one of the children to make false allegations of sexual abuse of her by Father, and failed to take any responsibility for coercing the child into making the false allegations of sexual abuse. The court prohibited Mother from having the children around any males during her parenting time.

On July 16, 2024, the family court held the fourth and final hearing on Father's Petition for Modification. By order entered July 25, 2024, the court found the following: that Mother had previously filed two false statements alleging sexual abuse of the children by Father and their grandfather; that the GAL testified that she had seen no improvements in Mother's actions; that Mother admitted that while in the presence of Mr. Lyons, one of the children stated that Mother lies and is mean to the child; that the children continue to state that Mother takes the children around men that they do not know; that Mother had recently taken the children to a "man's trailer and told them not to cross an imaginary line"; that Mother had the children around various men and did not know the men's names; that Mother was charged with shoplifting while the case was pending and had no explanation as to why she would shoplift; that Mother's shoplifting charges were dismissed after she paid restitution; and that issues with Mother had not improved. The court then awarded sole custodial allocation of the children to Father and gave Mother parenting time at the discretion of Father. It is from this order that Mother now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of
> Appeals of West Virginia, the Intermediate Court of Appeals shall review

2

the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Mother raises a single assignment of error on appeal. She argues that the family court abused its discretion by placing her parenting time in the sole discretion of Father, which significantly reduces her contact with the children. In support of her argument, she asserts that not only did the GAL report to the court that the children are bonded to both parents, but that the public policy of this state favors assuring frequent and continuing contact between children and their parents, so long as it is in the children's best interest. *See* W. Va. Code § 48-9-101(b) (2001).[3] Mother maintains that it is not in the children's best interest for Father to have complete autonomy over her parenting time because it results in her being at Father's mercy to have any visitation or meaningful contact with the children. We agree.

West Virginia Code § 48-9-102a (2022) provides that there is a rebuttable presumption that equal 50-50 custodial allocation is in a child's best interest. "If the presumption is rebutted, the court shall, absent an agreement between the parents . . . construct a parenting time schedule which *maximizes* the time each parent has with the child and is consistent with ensuring the child's welfare." *Id.* (emphasis added). This Court has explained that after the presumption of equal 50-50 custodial allocation is rebutted, "the family court shall *maximize* the parenting time with each parent. In the exercise of its discretion, the family court may use the variety of alternative options as contained in West

---

[3] West Virginia Code § 48-9-101(b) states that

the public policy of this state [is] to assure that the best interest of children is the court's primary concern in allocating custodial and decision-making responsibilities between parents who do not live together. In furtherance of this policy, the Legislature declares that a child's best interest will be served by assuring that minor children have frequent and continuing contact with parents who have shown the ability to act in the best interest of their children, to educate parents on their rights and responsibilities and the effect their separation may have on children, to encourage mediation of disputes, and to encourage parents to share in the rights and responsibilities of rearing their children after the parents have separated or divorced.

Virginia Code § 48-9-209(b) [2024] to ensure the child's welfare without sacrificing *maximum* parenting time with each parent." *Kane M. v. Miranda M.*, 250 W. Va. 701, __, 908 S.E.2d 198, 203 (Ct. App. 2024) (emphasis added).

Here, while the order indicates that Father rebutted the presumption of equal 50-50 custodial allocation, justifying the deviation in the parties' parenting time, and that it was in the children's best interest for Father to receive primary custody, it failed to award Mother any specific parenting time. Yet, the GAL suggested Mother receive visitation in public parks or other places where Mother's sole focus would be on spending time with her children. Upon review, we find that the family court's determination to leave any contact or visitation between Mother and the children in the exclusive discretion of Father failed to consider the best interests of the children by not assuring they have continued contact with Mother, whether it be supervised or otherwise limited to protect the children. *See* W. Va. Code § 48-9-209[a](5), (b) (if a parent has "made one or more fraudulent reports of domestic violence or child abuse . . . [then] the court shall impose limits that are *reasonably calculated* to protect the child or child's parent from harm") (emphasis added). While the family court had discretion to order that Father receive primary custody in this case and may reach the same conclusion on remand, the family court failed to expressly consider whether the parenting plan *maximized* Mother's parenting time pursuant to West Virginia Code § 48-9-102a. Thus, we conclude that the family court abused its discretion.

Accordingly, we vacate the family court's July 25, 2024, order and remand this case for the family court to issue an order adhering to West Virginia Code §§ 48-9-101 and 48-9-102a, ensuring the children's welfare while considering Mother's *maximal* parenting time. The final order is hereby converted into a temporary custodial allocation order until the entry of a new final order consistent with this decision is issued by the family court.

Vacated and Remanded.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White